NO.
12-05-00164-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ANTIGONE OVERSTREET,          §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Antigone
Overstreet appeals her conviction for sexual assault of a child, for which she
was sentenced to imprisonment for fifteen years.  Appellant raises one issue on appeal.  We affirm.

 

Background

            Appellant
was charged by indictment with two counts of sexual assault of a child.  Appellant pleaded guilty as charged and the
issue of punishment proceeded to trial by jury. 
Following the presentation of evidence and arguments of counsel, the
jury assessed punishment at imprisonment for fifteen years.  The trial court sentenced Appellant
accordingly, and this appeal followed.

 

Cruel and
Unusual Punishment

            In
her sole issue, Appellant contends that the fifteen year sentence imposed on
her constitutes cruel and unusual punishment under both the Texas and United
States Constitutions.  Initially, we note
that Appellant made no objection to the trial court raising the issue of cruel
and unusual punishment and has, therefore, waived such an issue on appeal.  See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the
Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); Tex. R. App. P. 33.1.  However, even absent waiver, we conclude that
Appellant’s sentence did not constitute cruel and unusual punishment.  

            The
legislature is vested with the power to define crimes and prescribe
penalties.  See Davis v. State,
905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  In the case at hand,
Appellant was convicted of sexual assault of a child.  See Tex.
Pen. Code Ann. § 22.011(a)(2) (Vernon Supp. 2005).  The punishment range for such an offense is
between two and twenty years.  See Tex.
Pen. Code Ann.  §§ 12.33(a);
22.011(f) (Vernon 2003 & Supp. 2005). 
Here, the sentence imposed by the trial court falls within the range set
forth by the legislature.  Id.  Therefore, the punishment is not
prohibited as cruel, unusual, or excessive per se.

            Nonetheless,
Appellant urges the court to perform the three-part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983).  Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.[1]  The
application of the Solem test has been modified by Texas courts
and the Fifth Circuit Court of Appeals in light of the Supreme Court’s decision
in Harmelin to require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing








the remaining elements. See, e.g.,
McGruder, 954 F.2d at 316; see also Jackson v. State,
989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[2] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction of obtaining
$120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  The
life sentence was imposed because the appellant also had two prior felony
convictions—one for fraudulent use of a credit card to obtain $80.00 worth of
goods or services and the other for passing a forged check in the amount of
$28.36.  Id., 445 U.S. at
266, 100 S. Ct. at 1134-35.  After
recognizing the legislative prerogative to classify offenses as felonies and,
further, considering the purpose of the habitual offender statute, the court
determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment.  Id.,
445 U.S. at 285, 100 S. Ct. at 1145.  

            In
the case at hand, the offense committed by Appellant—sexual assault of a child—was
far more serious than any of the offenses committed by the appellant in Rummel,
while Appellant’s fifteen year sentence is far less severe than the life
sentence upheld by the Supreme Court in Rummel.  Thus, it follows that if the sentence in Rummel
was not unconstitutionally disproportionate, then neither is the sentence
assessed against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we
need not apply the remaining elements of the Solem test.  Appellant’s sole issue is overruled.

 

Disposition

Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered February 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

(DO NOT PUBLISH)











[1] The strict application of the Solem
test has been questioned since the Supreme Court rendered its opinion in Harmelin
v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991).  See Simmons, 944
S.W.2d at 15.  The Texarkana Court of
Appeals discussed the applicability of Solem in Davis
v. State and observed that five members of the Supreme Court in Harmelin
rejected the application of the three factor test.  See Simmons, 944 S.W.2d at 15
(citing Davis, 905 S.W.2d at 664).  However, the court in Davis
nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported
an Eighth Amendment prohibition against grossly disproportionate
sentences.  See Davis, 905
S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.–Dallas
1994, pet. ref’d)).





[2]
Incidentally, the Fifth Circuit has referred to Rummel as a “handy
guide” in conducting a proportionality review. 
See McGruder, 954 F.2d at 317.